**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES JOEL HOBBS,

     Petitioner-Appellant,

v.

GARY GIBSON,

     Respondent-Appellee.

No. 99-6324
(W. District of Oklahoma)
(D.C. No. 98-CV-628-L)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This matter is before the court on James J. Hobbs' *pro se* request for a certificate of appealability ("COA") and motion to proceed on appeal *in forma*

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*pauperis*.[1]  Hobbs seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.  *See* 28 U.S.C. 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA).  Because Hobbs has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** Hobbs' request for a COA and **dismisses** this appeal.

Hobbs was convicted of first degree murder in Oklahoma state court and sentenced to life imprisonment without the possibility of parole.  On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Hobbs asserted, *inter alia*, that his conviction had to be reversed because the videotaped confession was improperly admitted at trial.  In particular, Hobbs asserted that he had repeatedly requested an attorney during the taped interview, but that police officers had continued to interrogate him until he confessed to the crime.  Applying the Supreme Court's decisions in *Miranda v. Arizona*, 384 U.S. 436 (1966), *Edwards v. Arizona*, 451 U.S. 477 (1081), and *Davis v. United States*, 512 U.S. 452 (1994), the OCCA concluded that Hobbs' references to an attorney during the taped interview did not rise to the level of unequivocal and unambiguous requests for counsel.

---

[1] This court has jurisdiction to consider Hobbs' request for a COA because his notice of appeal was timely filed under the prison mailbox rule set forth by the Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988).

At the conclusion of his direct appeal and state post-conviction proceedings, Hobbs filed the instant § 2254 petition, raising the same *Miranda* issue he had raised on direct appeal to the OCCA. The petition was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B); the magistrate judge recommended that the petition be denied. The magistrate judge began by noting that Hobbs was entitled to relief with respect to a claim adjudicated on the merits in state court only upon showing that the state court's adjudication of the claim: (1) "resulted in a decision contrary to, or involved an unreasonable interpretation of, clearly established" Supreme Court precedent; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). With this standard in mind, the magistrate concluded that the OCCA had cited to and considered the controlling Supreme Court precedent in resolving Hobbs' *Miranda* claim and that the OCCA's application of that precedent to the facts of this case was not unreasonable. Upon *de novo* review of the magistrate judge's Report and Recommendation ("R & R"), the district court adopted the R & R and dismissed Hobbs' petition.

In his request for a COA, Hobbs asserts that the OCCA erred in determining that his references to an attorney during the taped confession were equivocal and ambiguous, and that the district court erred in concluding that the

decision of the OCCA was neither contrary to nor an unreasonable application of Supreme Court precedent.[2] As noted above, Hobbs is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Hobbs can make such a showing by demonstrating that the issue he seeks to raise is debatable among jurist of reason, subject to a different resolution on appeal, or deserving of further proceedings. *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). This court has undertaken a thorough review of Hobbs' request for a COA and appellate brief, the magistrate judge's R & R, the district court order, the direct appeal opinion of the OCCA, and the entire record on appeal. That close review reveals, as concluded by the district court, that the decision of the OCCA is not contrary to or an unreasonable interpretation of existing Supreme Court precedent.[3] Accordingly, the district court's denial of

---

[2]In addition to the *Miranda* claim which was included in his § 2254 petition and addressed by the district court, Hobbs seeks to raise the following four issues in his request for a COA: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) illegal search of his vehicle; and (4) the evidence was insufficient to support a conviction for first degree malice murder. This court will not consider issues raised for the first time on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir.1992).

[3]We recognize that this court has not interpreted the new standards of review set out in § 2254(d). Furthermore, the United States Supreme Court has granted certiorari on the issue. *See Williams v. Taylor*, 119 S. Ct. 1355 (1999); *see also* 67 U.S.L.W. 3608 (U.S. Apr. 6, 1999) (listing issues presented). Nevertheless, under any possible interpretation of the standards, we conclude the result of this appeal would be the same. *See Smallwood v. Gibson*, 191 F.3d 1257, 1265 n. 2 (10th Cir. 1999).

Hobbs' § 2254 habeas petition is not reasonably debatable, subject to a different resolution on appeal, or in need of further proceedings. This court, therefore, **DENIES** Hobbs' request for a COA, **DENIES** Hobbs' request to proceed *in forma pauperis*, and **DISMISSES** the appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge